UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br> *Plaintiff*,<br><br>v.<br><br>LIONEL ALBINO-GALINDO,<br><br> *Defendant.* | Crim. No. 24-cr-00147 (MAJ) |

**OPINION AND ORDER**

**I. Introduction**

Before the Court is a Motion for De Novo Bail Review. (**ECF No. 38**). In the Motion, Defendant argues that information recently provided to the defense, taken together with the totality of the circumstances, warrants the imposition of bail. The initial bail hearing was held on April 23, 2024 before Magistrate Judge Giselle López-Soler. (**ECF No. 15**). Following the hearing, Magistrate Judge López-Soler issued an Order of Detention. (**ECF No. 18**).

The Court finds that the information on the record enables it to resolve Defendant's Motion for De Novo Bail Review without a hearing. The Court has reviewed the Indictment, the Pre-Trial Services Report, the evidence introduced by the Government at the initial bail hearing, the Order of Detention, and the Motion for De Novo Review. (**ECF Nos. 3, 14, 17, 18, 38**). The Court has also reviewed an audio recording of the initial bail hearing. After conducting a de novo review of the complete record, the Court finds no reason to disturb the Order of Detention issued by Magistrate Judge López-Soler and adopts the Order in its entirety.

## II.     Analysis

"Pursuant to the Bail Reform Act of 1984, a judicial officer must determine whether a person charged with an offense shall be detained or released pending trial." *United States v. Ramos-Dominguez*, 698 F. Supp. 3d 224, 227 (D.P.R. 2023). Specifically, under 18 U.S.C. § 3142(f)(1), the Court must consider whether "any condition or combination of conditions set forth in subsection (c) of [§ 3142] will reasonably assure the appearance of [Defendant] as required and the safety of any other person and the community[.]" Because there is probable cause to believe the Defendant committed a relevant offense involving a minor victim, a rebuttable presumption arises under 18 U.S.C. § 3142(e)(3) that no condition or combination of conditions will reasonably assure the appearance of the Defendant or the safety of the community.

Once triggered, the presumption imposes upon the defendant the burden of producing "some evidence . . . that what is true in general is not true in the particular case before [the Court.]" *United States v. Valdivia*, 104 Fed. Appx. 753, 754 (1st Cir. 2004) (quoting *United States v. Jessup*, 757 F.2d 378, 384 (1st Cir. 1985)).

Even if the Defendant meets that burden, however, the presumption "does not cease to have effect[.]" *United States v. O'Brien*, 895 F.2d 810, 815 (1st Cir. 1990). "Instead, it continues to operate as one factor to be considered by the court in determining whether the defendant must be detained." *Id.* Ultimately, regardless of whether the presumption is rebutted or not, "[t]he government retains the burden of proving that no conditions will reasonably assure the defendant's appearance" or the safety of the community. *Id.* "The standard of proof for detention on the grounds of dangerousness is clear and convincing evidence." *United States v. Ramos-Dominguez*, 698 F. Supp. 3d 224, 228 (D.P.R. 2023) (citing 18 U.S.C. § 3142(f)). "[T]he standard of proof for detention

on the grounds of risk of flight is preponderance of the evidence." *Id*. (citing *United States v. Patriarca*, 948 F.2d 789, 793 (1st Cir. 1991)).

In order to decide if pretrial detention is warranted, the Court must weigh four relevant factors set forth in 18 U.S.C. § 3142(g): (1) the nature and circumstances of the offense charged; (2) the weight of evidence against the defendant; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.

"Detention proceedings may be reopened based on information that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community[.]" *United States v. Jackson*, No. 21-1097, 2021 WL 3370802, at *1 (1st Cir. Mar. 2, 2021) (citing 18 U.S.C. § 3142(f)(2)) (quotations omitted). However, where a motion for a de novo bail hearing does not proffer facts that, if true, would justify the imposition of bail, the District Court is not required to convene an evidentiary hearing. *See United States v. Rebollo-Andino,* 312 Fed. Appx. 346, 348 (1st Cir. 2009); *cf. United States v. Cidraz-Santiago*, 18 F. Supp. 3d 124, 126 (stating that the District Court may "take additional evidence or conduct a new evidentiary hearing" when "the defendant has placed relevant facts at issue.").

After careful consideration of the totality of the record, the Court agrees with Magistrate Judge López-Soler that the evidence proffered by Defendant was sufficient to rebut the presumption that detention is warranted. (**ECF No. 18 at 2**). Nevertheless, after weighing the factors set forth in 18 U.S.C. § 3142(g), the Court concludes that the evidence proffered by the Government establishes by clear and convincing evidence that

no condition or combination of conditions could reasonably assure the appearance of the Defendant, the safety of the alleged victim, or the safety of the community. Indeed, the nature and circumstances of the offense charged, the weight of the evidence against Defendant, and the interest of assuring the safety of the alleged victim and the broader community all compel the Court to conclude that Defendant's release would pose serious dangers that cannot be mitigated by any combination of conditions. *See* 18 U.S.C. § 3142(g).

As Magistrate Judge López-Soler noted in the Order of Detention, the weight of the evidence against the Defendant appears to be overwhelming. (**ECF No. 18 at 3**). At the initial bail hearing, the Government proffered evidence that the Defendant initiated contact with a thirteen-year-old minor ("the minor") over the internet.[1] The Government proffered phone records that allegedly include sexually explicit communications and photographs exchanged between Defendant and the minor. The Government introduced purported motel logs corroborating Defendant's presence at the motel where he allegedly transported the minor and sexually assaulted her. (**ECF No. 17-1**). The Prosecutor then proffered that such evidence is corroborated by the cellular phone extractions obtained from the phones of the Defendant and the minor. The Government introduced a photograph which apparently depicts the Defendant and the minor at a location consistent with the motel in question. (**ECF No. 17-2)**. The Government proffered evidence that the Defendant was found in the minor's home and knows the location of her school. The Court concludes that the evidence proffered by the Government indicates that

---

[1] These findings are based on a de novo review of the initial bail hearing that took place on April 23, 2024. (**ECF No. 15**). At the hearing, the defense counsel argued in favor of conditions of release and proffered facts regarding Defendant's personal circumstances. The Government moved for detention and proffered facts substantiating the charges in the Indictment. The facts recited in this Opinion and Order are based on a complete audio recording of that hearing.

the Defendant knows how to find the minor and could attempt to establish contact with her upon release, and, moreover, the Court agrees with Magistrate Judge López-Soler that the Defendant's alleged pattern of behavior suggests that no combination of conditions of confinement could be sufficient to reasonably assure the safety of the alleged victim or the community. *See* (**ECF No. 18 at 3**) (reasoning that proffered evidence suggests "Defendant made absolutely no effort to hide his criminal conduct" and "did not display any respect for the law"). The Court therefore concludes that the nature and circumstances of the charged offenses, in addition to the apparent weight of the evidence, establish by clear and convincing evidence that the release of Defendant would pose a danger to the alleged victim and to the community at large.

The Court also finds that Defendant is a risk of flight. In the instant Motion, the Defendant only challenges the apparent strength of the evidence with respect to Count 3 of the Indictment. The Motion does not, however, address the apparent strength of the evidence with respect to the other Counts in the Indictment. Both Count 1 and Count 2 each carry a term of imprisonment of between 10 years to life. *See* 18 U.S.C. § 2422(b); 18 U.S.C. § 2423(a). The fact that Defendant is subject to such a lengthy period of incarceration if convicted, coupled with the apparent weight of the evidence against him, suggests that Defendant is a risk of flight. *See, e.g., United States v. Rodriguez-Adorno*, 606 F. Supp. 2d 232, 240 (D.P.R. 2009) (noting that "numerous courts have commented on the relationship between the charge, the weight of evidence, and a defendant's potential flight risk"); *United States v. Alindato-Perez*, 627 F. Supp. 2d 58, 66 (D.P.R. 2009) (reasoning that "the steeper the potential sentence, the more probable the flight risk is, especially considering the strong case of the government"). The evidence on the record therefore indicates that Defendant would pose a risk of flight if released from

detention. *See Ramos-Dominguez,* 698 F. Supp. 3d at 228 ("[T]he standard of proof for detention on the grounds of risk of flight is preponderance of the evidence."). The "history and characteristics" of Defendant do not displace these findings. *See* 18 U.S.C. § 3142(g)(3).

The Court declines to set a hearing to receive additional evidence, as the Defendant's Motion includes only one piece of relevant information that was not previously presented at the initial bail hearing: Defendant now argues that evidence recently disclosed by the Government establishes the Defendant's innocence as to Count 3. (**ECF No. 38 at 6–7**). Even if the Court were to accept that statement as true, the evidence that he is a danger to the community with respect to the other charges in the Indictment remains very strong, as does his risk of flight. *See, e.g., United States v. Neves*, 11 Fed. Appx. 6, 8 (1st Cir. 2001) (reasoning that the accused may have a "strong incentive to flee" where they face "the near-certainty of a prison sentence"). Thus, even accepting the Defendants factual allegations as true, detention remains warranted. The Court therefore declines to schedule a hearing. *Rebollo-Andino,* 312 Fed. Appx. at 348 (noting that the District Court need not convene an evidentiary hearing where a motion for a de novo hearing does not plead facts that, if true, would justify the imposition of bail).

### III. Conclusion

Considering the totality of the circumstances, the arguments of both parties and the § 3142(g) factors, the Courts finds that the Defendant shall remain detained since the Government has shown by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of others and has demonstrated by a preponderance of the evidence that he presents a risk of flight.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 4th day of February, 2025.

**<u>/s/ María Antongiorgi-Jordán</u>**
**MARIA ANTONGIORGI-JORDAN**
**UNITED STATES DISTRICT JUDGE**
