THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITED STATES OF AMERICA,** *Plaintiff,* v. **LIONEL ALBINO-GALINDO,** *Defendant.* | Criminal No. 24-00147 (MAJ) |

## OPINION AND ORDER

### I.   Introduction

On April 17, 2024, Lionel Albino-Galindo ("Defendant") was indicted on six charges arising from allegations that he engaged in sexual activity with a minor. (**ECF No. 3**). In advance of trial, the parties have filed motions in limine requesting preliminary rulings from the Court on anticipated evidentiary issues. The Government has filed three motions, (**ECF Nos. 67–69**), to which the Defendant has responded, (**ECF No. 88**). The Defendant has filed two motions, (**ECF Nos. 71–72**), to which the Government has responded, (**ECF No. 90**). The Court will address each motion in turn.

### II.   Legal Standard

A motion in limine is a tool that allows trial lawyers to petition a court to rule on the admissibility of a particular piece of evidence. *United States v. Grullon*, 996 F.3d 21, 28 (1st Cir. 2021) (citing *United States v. Agosto-Vega*, 731 F.3d 62, 65 (1st Cir. 2013)); *see also De Jesus Sanchez v. Taber Partners I, LLC*, No. CV 03-1685 (DRD), 2006 WL 8450441, at *2 (D.P.R. Apr. 3, 2006) (noting that a "motion in limine should be granted **only** when (1) material or evidence in question will be inadmissible for any purpose at trial under the rules of evidence, and (2) mere offer, reference, or statements made during trial concerning said material will tend to prejudice the jury."). Federal district judges

enjoy broad discretion with respect to the ordering and presentation of proof and the handling of evidentiary questions. *United States v. Holmquist*, 36 F.3d 154, 163 (1st Cir. 1994) (citing FED. R. EVID. 104(c) (stating that hearings on preliminary matters other than the admissibility of confessions may be conducted out of the hearing of the jury "when the interests of justice require")). "A ruling on [a motion in limine] does not preclude the court changing its ruling based on other developments during trial." *See Thweatt v. Ontko*, 814 F.2d 1466, 1470 (10th Cir. 1987). On appeal, "the granting or denying of motions in limine is considered discretionary, and thus will be reversed only for abuse of discretion and showing of prejudice." *Id*. (citing *White v. New Hampshire Dept. of Corrections*, 221 F.3d 254, 262 (1st Cir. 2002)).

### III. Discussion

#### A. Motion to preclude Defendant from introducing self-serving statements

The Government moves the Court to prohibit Defendant from eliciting his own self-serving out-of-court statements at trial. (**ECF No. 67**). As the Government correctly points out, "the United States is entitled to offer defendants' out-of-court statements against them at trial." (**ECF No. 67 at 1**). On the other hand, the Government notes, "the Rules of Evidence do not allow a defendant to introduce his own out-of-court statements in his own favor." *Id*. (citing *United States v. Palow*, 777 F.2d 52, 56 (1st Cir. 1985)). The Defendant does not contest that this statement of law is generally correct. Instead, the Defendant merely notes that the Federal Rules of Evidence provide many exceptions to the rule against hearsay and argues that the Government's request is "premature" insofar as the Government has not identified any statement it seeks to exclude from trial. (**ECF No. 88 at 3**). The Court agrees. The Court will entertain objections and rigorously

enforce the Federal Rules of Evidence at trial, including the rule against hearsay. *See generally* FED. R. EVID. 801–807. However, the instant motion fails to present any specific statement which the Court can assess to determine the applicability of the Federal Rules. *See Grullon*, 996 F.3d at 28 n.8 (1st Cir. 2021) ("Motions in limine are a tool for trial lawyers to petition the court to exclude or include *particular pieces of evidence*.") (emphasis added). Therefore, the motion is **DENIED**.

### B. Omnibus Motion to preclude Defendant from advancing improper arguments

The Government moves the Court to exclude from trial the following information it regards as improper: (1) any information regarding prior plea negotiations, (2) any information regarding prior offers to stipulate, (3) any defense exhibits not properly disclosed prior to trial pursuant to Rule 16 of the Federal Rules of Criminal Procedure, (4) information regarding the Defendant's personal background, (5) information regarding the Defendant's health, (6) any character evidence regarding specific prior acts of good conduct. (**ECF No. 68**). The Defendant has responded. (**ECF No. 88**). Once again, the Defendant objects to the motion only to the extent that it fails to proffer any actual items of evidence or arguments it seeks to have excluded. *Id.*

The Government's requests are supported by well-established law. It is "improper to needlessly arouse the emotions of the jury" and the parties therefore may not "interject issues having no bearing on the defendant's guilt or innocence and improperly appeal[s] to the jury to act in ways other than as dispassionate arbiters of the facts." *United States v. De La Paz-Rentas*, 613 F.3d 18, 26 (1st Cir. 2010). The Defendant does not dispute that it would be improper to attempt to introduce evidence of prior plea negotiations, offers to

stipulate, or improper character evidence.[1] (**ECF No. 88 at 4–5**). And the Court reiterates that it will rigorously enforce applicable evidentiary rules at trial. However, because the motion presents no evidentiary dispute between the parties, it is **DENIED**.

### C. Motion requesting orders to protect the privacy of the alleged minor victim

The Government moves the Court to issue three rulings related to the privacy and well-being of the alleged minor victim, D.V.R. (**ECF No. 69**). For the reasons stated below, the motion is **GRANTED** in part and **DENIED** in part.

First, pursuant to 18 U.S.C. § 3509, the Government requests that the Court issue an order requiring that (1) the alleged minor victim be referred to by an "anonymized descriptor" or by the initials "D.V.R.", (2) D.V.R.'s first and last names not be used together, (3) the D.V.R.'s last name not be used in any court proceedings, (4) any trial transcript referring to the D.V.R. do so only by her initials or first name only. (**ECF No. 69**). Since each of these requests have already been granted, (**ECF No. 65**), the requests are deemed **MOOT**.

Second, the Government requests that the Court prohibit the Defense from eliciting any testimony or developing any argument that D.V.R. "consented" to the charged conduct. (**ECF No. 69 at 3–4**). Consent is not a defense to any of the charged offenses. *See, e.g., United States v. Greaux-Gomez*, 52 F.4th 426, 434 (1st Cir. 2022) (holding that an alleged minor victim's purported "consent" is not a defense to 18 U.S.C. § 2422). The Government's request is therefore **GRANTED**.

---

[1] Defendant merely points out – correctly – that (1) to the extent a discovery dispute exists between the parties, it should be resolved through a motion filed under Rule 16(d)(2)(C) of the Federal Rules of Criminal Procedure, and (2) because evidence of a defendant's personal circumstances and character are sometimes admissible, *see, e.g.*, FED. R. EVID. RULE 405 ("Methods of Proving Character"), a ruling in the absence of any specific evidentiary dispute would be premature.

Lastly, the Government requests that the Court exclude any evidence of D.V.R's prior sexual conduct or sexual predisposition. In cases involving alleged sexual misconduct, Rule 412 prohibits the use of evidence offered either to prove that an alleged victim engaged in other sexual behavior or to establish the alleged victim's sexual predisposition. FED. R. EVID. 412(a)(1)–(2). In criminal cases, however, Rule 412 provides for three exceptions:

> (A) evidence of specific instances of a victim's sexual behavior, if offered to prove that someone other than the defendant was the source of semen, injury, or other physical evidence;
> (B) evidence of specific instances of a victim's sexual behavior with respect to the person accused of the sexual misconduct, if offered by the defendant to prove consent or if offered by the prosecutor; and
> (C) evidence whose exclusion would violate the defendant's constitutional rights.

FED. R. EVID. RULE 412(b)(1)(A)–(B). To the extent that the Defendant seeks to offer evidence relating to the alleged victim's purported "sexual predisposition," the Defendant must (1) file a motion describing the evidence and stating the purpose for which it is to be offered; (2) do so at least 14 days before trial, absent good cause; (3) serve the motion on all parties; and (4) notify the victim or an appropriate representative. Before admitting any such evidence, the Court must conduct an in camera hearing. FED. R. EVID. RULE 412(c)(2). Indeed, the Court has already set a hearing in this case pursuant to Rule 412(c)(2). (**ECF No. 82**). This request is therefore **DENIED** as moot.

### D. Motion to preclude admission of evidence relating of Defendant's occupation

Defendant moves the Court to exclude any evidence regarding Defendant's role as a pastor. (**ECF No. 71**). To support their request, Defendant advances two arguments. First, Defendant argues that his role as a pastor "is irrelevant to any material issue in the case" in that it "makes no fact of consequence more or less probable." (**ECF No. 71 at 1–**

**2 at ¶ 3**) (citing to Fed. R. Evid. Rules 401–402). Second, Defendant argues in the alternative that, even if his role as a pastor were relevant to any material issue in the case, any such relevance would be "outweighed by a danger of . . . unfair prejudice." *Id*. at 2 ¶ 4 (citing FED. R. EVID. RULE 403).

In response, the Government proffers that Defendant "portrayed himself as a pastor or religious leader" when allegedly "persuading, inducing, enticing, and coercing" D.V.R., and that such evidence is relevant because Defendant allegedly used his status as a religious figure "when interacting with" D.V.R. (**ECF No. 90 at 3**). Evidence is relevant if it has a tendency to make any material fact more or less probable. FED. R. EVID. RULE 401. To the extent that Defendant used his status as a religious leader to gain access to or develop the trust of D.V.R., that is relevant to the charge that he "persuaded, induced, enticed, and coerced" D.V.R. to engage in sexual conduct in violation of 18 U.S.C. § 2422(b). *See United States v. Williams*, 717 F.3d 35, 41 n.3 (1st Cir. 2013) ("evidence of . . . opportunity can serve as circumstantial evidence").

Defendant does not articulate a compelling reason to believe that a risk of unfair prejudice outweighs the probative value of this evidence. Defendant only states in a conclusory manner that "[a]llowing evidence of Mr. Albino's role as a pastor . . . may lead the jury to make decisions based on his religious affiliation or occupation rather than on the merits." (**ECF No. 71 at 2 ¶ 5**). The Court is not persuaded. To exclude an item of evidence under Rule 403, the probative value of the evidence must be "substantially outweighed by the danger of unfair prejudice[.]" Fed. R. Evid. Rule 403. Defendant has failed to make that showing here. As such, the instant motion is **DENIED**.

### E. Motion to preclude the alleged minor victim from testifying to certain facts

Lastly, Defendant moves the Court to rule in advance of trial that the Government may not attempt to elicit testimony from D.V.R. stating that she had informed the Defendant at the time of the charged conduct that she was under the age of sixteen. (**ECF No. 72**).

Defendant asserts that, as part of the investigation related to this case, D.V.R. was interviewed by the Government. (**ECF No. 72 at 1 ¶ 1**). During the course of that interview, according to Defendant, D.V.R. stated that she had lied to Defendant about her real age. *Id.* at 1 ¶ 1. D.V.R. allegedly stated that Defendant knew "nothing" about her age. *Id.* at 2 ¶ 3. Defendant submits that it was therefore "improper" for the interviewer to subsequently ask D.V.R. an "impermissibly suggestive" question – that is, "when [Defendant] found out about her . . . age." *Id.* Without elaborating further, Defendant states that the response D.V.R. gave to that question was "confused[.]" *Id.*

Based on these alleged facts, Defendant proposes several theories, each of which lacks legal support. First, Defendant argues that when the interviewer asked D.V.R. to explain when Defendant found out about her age, that line of questioning "crossed the line from a truth-seeking effort to an inquisition" and was "improper." *Id.* at 2 ¶ 4; *see also id.* at 2–3 ¶ 6 (proposing that "the forensic interviewer's questioning of D.V.R. in which the interviewer premised her leading questioning on a legally dispositive fact . . . was improper, suggestive, and taints these proceedings"). Yet Defendant develops no argument and provides no legal citations to support his conclusion that the leading question at issue was "improper." *Id.* The motion does not provide a single case holding

that a leading question posed by a police interrogator, standing alone, may work to "taint" subsequent criminal proceedings.[2]

Second, Defendant argues that admitting testimony from D.V.R. stating that she informed Defendant of her real age at the time of the charged conduct would violate Defendant's "rights to due process and a fair trial." (**ECF No. 72 at 2 ¶ 5**). Specifically, Defendant proposes that an effort from the government to elicit the testimony in question from D.V.R. would constitute an unconstitutional attempt to present "perjured testimony . . . that the prosecution [knows], or should [know] . . . [is] perjury." *See United States v. Agurs*, 427 U.S. 97, 103 (1976). The Court is not convinced. The facts proffered by the Defendant do not establish that the testimony they seek to exclude would constitute "perjury." Moreover, Defendant has provided no relevant caselaw to support his argument.[3]

---

[2] The motion cites to only two cases: *Kyles v. Whitley*, 514 U.S. 419 (1995) and *Fischbach v. State*, Cr.A. No. IN94-04-1356, 1996 WL 145968 (Del. Jan. 9, 1996). As noted below, *infra* note 3, the facts of *Kyles v. Whitley* are not relevant to the instant motion. As to *Fischbach*, Defendant relies on that case in arguing that the Court should set a "pretrial hearing where D.V.R. can be questioned outside the presence of the jury so that this Court can determine the reliability of statements that clearly contradict her earlier statements." (**ECF No. 72 at 3**). There are several reasons the Court declines to follow that precedent. First, judicial decisions from the Supreme Court of Delaware are not controlling authority in this District. Second, *Fischbach* relies for support on precedent that is also not controlling in this District. *See Fischbach*, 1996 WL 145968, at *1 (citing *State v. Michaels*, 642 A.2d 1372 (N.J. 1994)). Federal courts that have previously entertained these requests have declined to follow those precedents. *See United States v. Geraci*, 74 Fed. Appx. 241, 243 (4th Cir. 2003). And even if it were applicable, Defendant fails to proffer facts sufficiently similar to those presented in *Fischbach* and *Michaels*.

[3] Defendant cites only to *Kyles v. Whitley*, a case where the Court expressly declined to consider whether the defendant's conviction "was obtained by the knowing use of perjured testimony[.]" 514 U.S. 419, 433 n.7 (1995). The facts of *Kyles v. Whitley* therefore bear no relevance to the motion pending before the Court. Moreover, Defendant misconstrues the rule regarding "perjured testimony . . . that the prosecution knew, or should have known, [was] perjury." *Agurs*, 427 U.S. at 103. That line of cases involves situations where, after a Defendant has been convicted at trial, it comes to light that the prosecutor suppressed *Brady* material indicating that a Government witness perjured themselves at trial. Here, in contrast, Defendant does not allege that any *Brady* materials have been suppressed by the Government.

Finally, Defendant argues that the relief it seeks would "protect the interests of D.V.R." (**ECF No. 72 at 2 ¶ 5**). Specifically, Defendant proposes that:

> [W]ere the government to attempt to elicit testimony from D.V.R. that she told Mr. Albino-Galindo she was under 16 years old, the defense would have to impeach a sympathetic minor witness with her recorded prior statements or concede the point, which would surely sink any defense. This is unfair to both D.V.R. and Mr. Albino-Galindo[.]

(**ECF No. 72 at 3 ¶ 7**). The Court is not persuaded that it is in "the interests of D.V.R." to impose a pre-trial order limiting the scope of her testimony to statements favorable to the defense. More importantly, it is plainly "not within the province of the trial court to determine which portion of a witness' testimony is sufficiently credible to be presented to the jury. The jury is vested with the authority to decide whether to credit testimony[.]"[4] *United States v. Arache*, 946 F.2d 129, 138 (1st Cir. 1991). To the extent that D.V.R. offers testimony at trial that conflicts with any statements she has previously made, Defendant's confrontation rights exist to ensure the rigor and integrity of the fact-finding process. *See generally Maryland v. Craig*, 497 U.S. 836, 846 (1990) ("The combined effect of these elements of confrontation—physical presence, oath, cross-examination, and observation of demeanor by the trier of fact— [ensures] that evidence admitted against an accused is reliable and subject to the rigorous adversarial testing[.]").

Accordingly, Defendant's motion in limine is **DENIED**.

---

[4] The Court notes that a child witness "is presumed to be competent" to testify. 18 U.S.C. s. 3509(c)(2). To the extent Defendant is arguing that the police interview in question demonstrates that D.V.R. is not competent to testify, the Court finds that Defendant has not provided sufficient "compelling reasons" to merit a competency examination. *See* 18 U.S.C. s. 3509(c)(3)–(4).

## IV. Conclusion

For the reasons stated above, the Court rules as follows: the Government's motion at (**ECF No. 67**) is **DENIED**; the Government's motion at (**ECF No. 68**) is **DENIED**; the Government's motion at (**ECF No. 69**) is **GRANTED** in part and **DENIED** in part; the Defendant's motion at (**ECF No. 71**) is **DENIED**; and the Defendant's motion at (**ECF No. 72**) is **DENIED**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 24th day of February, 2025.

*/s/ María Antongiorgi-Jordán*
**MARIA ANTONGIORGI-JORDAN**
**UNITED STATES DISTRICT JUDGE**