THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| *Plaintiff,* | |
| v. | Crim. No. 24-0147 (MAJ) |
| LIONEL ALBINO-GALINDO, | |
| *Defendant.* | |

## OPINION AND ORDER

### I.    Introduction

On April 17, 2024, Lionel Albino-Galindo ("Albino") was indicted on six charges arising from allegations that he engaged in sexual activity with a minor. (**ECF No. 3**). In advance of trial, Albino has expressed his intention to advance a "mistake-of-age" defense to the charges. *See, e.g.*, (**ECF No. 78**); (**ECF No. 94**); (**ECF No. 105**). In other words, Albino wishes to present evidence to the jury that, at the time of the charged conduct, he was not aware of the true age of the alleged victim, D.V.R. Case law from this Circuit, however, does not exhaustively address the availability of the defense. *See, e.g., United States v. Montijo-Maysonet*, 974 F.3d 34 (1st Cir. 2020) (declining to decide whether 18 U.S.C. § 2423(a) provides for a state-law based mistake-of-age defense).[1]

---

[1]    The so-called "mistake-of-age" defense to a crime involving sexual misconduct with a minor may work in one of two ways. First, where a defendant's knowledge of the age of a minor victim is an element of the charged offense, "mistake-of-age" is shorthand for sufficiency-of-proof defense, *i.e.*, the argument that the government has failed to produce sufficient evidence to prove scienter as to age beyond a reasonable doubt. *See, e.g.*, 18 U.S.C. § 1470 (requiring that, in order to sustain a conviction under the statute, the accused must engage in the transfer of obscene materials to a minor "knowing that such other individual has not attained the age of 16 years"). Second, where a defendant's knowledge of the age of a minor victim is not an element of the charged offense, in certain instances the accused may be entitled raise "mistake-of-age" as an affirmative defense. *See, e.g., United States v. U.S. Dist. Ct. for Cent. Dist. of California, Los Angeles, Cal.*, 858 F.2d 534, 536 (9th Cir. 1988) ("*Central District*") (distinguishing between an interpretation of the relevant statute as requiring that "the government prove scienter as to age in its prima facia case" and an interpretation permitting "defendants to prove reasonable mistake of fact as an

Accordingly, the Court ordered the parties to file briefs addressing whether, as to each of the six counts in the Indictment, Albino's purported lack of knowledge as to the age of D.V.R. is relevant to his culpability. (**ECF No. 81**). In compliance with that Order, the Government filed a memorandum arguing that Albino's knowledge of D.V.R.'s age is relevant only to Counts 1, 4, 5, and 6. (**ECF No. 93**). Albino disagrees, arguing that his knowledge of D.V.R.'s age is relevant as to Counts 1, 2, 4, 5, and 6. (**ECF No. 94**). For the reasons set forth below, Albino's Motion is **GRANTED** in part and **DENIED** in part.

## II.   Analysis

The Indictment charges Albino with six counts. (**ECF No. 3**). Each of the charges in the Indictment includes a distinctive set of elements that the Government must prove beyond a reasonable doubt. Indeed, although each charged offense includes an element relating to the age of the alleged victim, each offense treats the requisite mental state of the defendant differently. The Court will therefore address every possible defense related to Albino's knowledge of D.V.R.'s age under each charged offense separately.

### a.  Count 1: 18 U.S.C. § 2422(b)

Count 1 charges Albino with violating 18 U.S.C. § 2422(b) ("Coercion and Enticement of a Minor"). To convict a person of violating § 2422(b), the Government must prove, in relevant part, that Albino: (1) "knowingly persuade[d], induce[d], entice[d], or coerce[d] any individual who ha[d] not attained the age of 18 years" (2) "to engage in . . . sexual activity for which any person can be charged with a criminal offense."[2]

---

affirmative defense."). Unless expressly stated otherwise, when the Court uses the phrase "mistake-of-age" in this Opinion and Order, **it refers only to an affirmative defense arising from local law.**

[2]      The entirety of § 2422(b) reads as follows:

Whoever, using the mail or any facility or means of interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in prostitution

Those two elements § 2422(b) raise two distinct possible issues with respect to Albino's knowledge of D.V.R.'s age. First, Albino argues that the Government must prove as an element of the offense that he knew D.V.R. "ha[d] not attained the age of 18 years[.]" Second, Albino argues that the Government must overcome, in connection with the relevant predicate offense "for which any person can be charged", any affirmative mistake-of-age defense that would be available to a criminal defendant actually charged with the underlying "criminal offense." *See United States v. Montijo-Maysonet*, 974 F.3d 34 (1st Cir. 2020) (entertaining the same argument, recognizing the distinction between each respective defense, and declining to decide whether 18 U.S.C. § 2423(a) provides for a state-law based mistake-of-age defense).

In this case, as to the requirement that the sexual activity subject to punishment be conduct "for which any person can be charged with a criminal offense", the Government identifies several possible predicate offenses. First, the Government alleges that Albino "enticed" D.V.R. to "engage in" the "criminal offense" of "sexual assault" under Puerto Rico law. (**ECF No. 93 at 3 n.2**). In Puerto Rico, the crime of "sexual assault" holds liable any person who, in relevant part, engages in sexual activity with a person who has not attained 16 years of age. P.R. Laws Ann. § 5191 ("Agresión sexual"). Second, the Government alleges that Albino "enticed" D.V.R. to "engage in" the "criminal offense" of "lewd acts" under Puerto Rico law. (**ECF No. 93 at 3 n.3**). In Puerto Rico, the crime of "lewd acts" sets the relevant age of consent at 16 years of age. P.R. Laws Ann. Tit. 33, § 5194 ("Actos lascivos"). Third, the Government alleges that Albino "enticed"

---

or any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be fined under this title and imprisoned not less than 10 years or for life.

18 U.S.C. § 2422(b). For the sake of brevity, the Court will paraphrase the statute throughout the remainder of this section by using only the operative verb "entice."

D.V.R. to "engage in" the "criminal offense[s]" of receipt of child pornography under 18

U.S.C. § 2252A(a)(2) and possession of child pornography under 18 U.S.C. §

2252A(a)(5)(B). (**ECF No. 93 at 3**).[3]

Albino argues that each of the predicate offenses articulated by the Government

makes his knowledge of the minor's age relevant to his culpability; that is, in order to

convict a person of violating any of the predicate criminal offenses, Albino contends that

proof of knowledge as to the victim's age is required. As to the predicate offenses arising

under Puerto Rico law, the relevant age of consent is 16 years old, and "mistake-of-age" is

available as an affirmative defense. P.R. Laws Ann. § 5191 ("Agresión sexual"); P.R. Laws

Ann. § 5194 ("Actos Lascivos"); P.R. Laws Ann. § 5042 ("Error Acerca de un Elemento del

Delito").[4] Albino therefore argues that the Government must prove, in connection with

any relevant predicate offense arising from Puerto Rico law, that he knew D.V.R. was

under 16 years of age.[5]   *See United States v. Montijo-Maysonet*, 974 F.3d 34 (1st Cir.

2020) (entertaining the same argument, recognizing the distinction between each

---

[3]      Generally, the "criminal offense" is defined by state law. The First Circuit has not decided whether it may be defined by federal law. *Dwinells*, 508 F.3d at 72 & n.6. For the reasons explained below, the Court need not address that question with respect to Count 1.

[4]      "Mistake-of-age" has long been available as an affirmative defense to crimes of sexual assault in Puerto Rico. *See Pueblo v. Hernández*, 93 D.P.R. 435 (P.R. 1966). The affirmative defense is codified at P.R. Ann. § 5042 ("Error Acerca de un Elemento del Delito"). Local courts have made clear that, under the new penal code promulgated by the Commonwealth in 2012, the "mistake-of-age" defense recognized under the old penal code as to crimes of sexual assault remains available, unmodified by the new penal code. *See Pueblo v. Alicea Hernández*, No. KLAN201400501, 2014 WL 7500964, at *10 (T.C.A. Nov. 17, 2014) ("Likewise . . . [in the] 2012 Penal Code, the perpetrator of the offense of sexual assault of a victim under 16 years of age may raise the error as a defense; that is, that the accused acted under the belief that the victim had the capacity or the age to consent to the sexual relationship.") ("De igual forma . . . [en el] Código Penal de 2012, el autor del delito de agresión sexual a una víctima menor de 16 años puede levantar el error de tipo como defensa; esto es, que el imputado actuó bajo la creencia de que la víctima tenía la capacidad o edad para consentir a la relación sexual.") (citing *Hernández*, 93 D.P.R. 435).

[5]      Alternatively, under the theory that the relevant predicate offenses are that Albino "enticed" D.V.R. to "engage in" the "criminal offense[s]" of receipt of child pornography under 18 U.S.C. § 2252A(a)(2) and possession of child pornography under 18 U.S.C. § 2252A(a)(5)(B), the Government would be required to prove his knowledge of the minor's age under the essential elements of those offenses. Because those offenses are charged under Count 4 and Count 5, however, the relevant issues relating to Albino's knowledge of D.V.R.'s age that arise from 18 U.S.C. § 2252A will be analyzed below. *See infra*, Sections III.d–e.

respective "mistake-of-age" defense, and declining to decide whether 18 U.S.C. § 2423(a)

provides for a state-law based mistake-of-age defense).

The Court will address each possible issue regarding Albino's knowledge of the age

of the minor in turn.

### i. Whether the word "knowingly" extends to the statutory term "any individual who has not attained the age of 18 years" under § 2422(b)

Albino argues that, with respect to Count 1, the Government must prove beyond a

reasonable doubt that, at the time of the charged conduct, he knew that D.V.R. had not

attained 18 years of age. (**ECF No. 94 at 5**). The Government disagrees, arguing that the

statute does not require the Government to prove beyond a reasonable doubt that the

accused was aware of the minority of the alleged victim. (**ECF No. 93 at 11**).

Whether the Government must prove knowledge with respect to the "not attained

the age of 18 years" element of 18 U.S.C. § 2422(b) is an issue of first impression in this

Circuit.[6] *See United States v. Soler-Montalvo*, 44 F.4th 1, 8 n.1 (1st Cir. 2022) ("It does

not appear that we have decided whether mistake of age is an available defense to a

prosecution under § 2422(b)").[7] There is a circuit split on the issue. *Compare United*

*States v. Daniels*, 685 F.3d 1237 (11th Cir. 2012) *with United States v. Cote*, 504 F.3d 682,

686 (7th Cir. 2007).

---

[6]      The Government argues that the First Circuit already decisively addressed this issue in *Dwinells*.
*See United States v. Dwinells*, 508 F.3d 63, 74 (1st Cir. 2007) (stating that, "with respect to scienter," 18
U.S.C. § 2422(b) "requires only that a defendant intend to entice a minor to engage in proscribed sex acts
– nothing more."). The Government misreads *Dwinells*. In that case, the First Circuit rejected the argument
that § 2422(b) ought to include the additional element that the accused have "an intent that the underlying
sexual activity actually take place." *United States v. Dwinells*, 508 F.3d 63, 65 (1st Cir. 2007). Because
*Dwinells* never raised any argument that he lacked knowledge as to the age of the minor victim, that case is
not controlling as to the issues before the Court. Indeed, as noted above, the First Circuit has acknowledged
that it has never "decided whether mistake of age is an available defense to a prosecution under §
2422(b)[.]" *Soler-Montalvo*, 44 F.4th at 8 n.1 (1st Cir. 2022).
[7]      In *Soler*, the term "mistake of age" is used to refer to the requirement that the government prove
beyond a reasonable doubt the defendant's knowledge of the victim's age as an essential element of the
charged offense; the First Circuit did not use the term to specifically describe an affirmative defense.

The Government argues that it is not required to prove that Albino knew the age of the minor in order to sustain a conviction as to Count 1. In developing this argument, the Government points out that, with respect to Count 2, 18 U.S.C. § 2423(a), it is not required to prove Albino's knowledge as to the "not attained the age of 18 years" element of the statute. From that premise, the Government argues that, "[g]iven the similarities between § 2423(a) and § 2422(b) . . . [there is] no reason to treat the knowledge requirement as to one different from the other." (**ECF No. 93 at 2**) (quoting *United States v. Daniels*, 685 F.3d 1237, 1250 (11th Cir. 2012)). Yet the Seventh Circuit has disagreed with that conclusion. *See Cote*, 504 F.3d at 686 (reading the statute as requiring proof that the defendant knew the victim's age to avoid First Amendment problem); *see also United States v. Meek*, 366 F.3d 705 (9th Cir. 2004) (same). Moreover, this District has previously sided with the Seventh Circuit, holding that, to obtain a conviction under § 2422(b), the Government must prove beyond a reasonable doubt that the accused knew the minor victim had "not attained the age of 18 years" at the time of the charged conduct. *See United States v. Montijo-Maysonet*, 292 F.Supp.3d 568, 569 (D.P.R. 2018) ("[P]roving a defendant's knowledge of the age of the minor victim is an element of a section 2422(b) offense").[8] The Government does not even acknowledge the approach adopted by the Seventh Circuit in *Cote* or by this District in *Montijo-Maysonet*. Moreover, the Government fails to provide any argument suggesting that their reasoning was unsound, or any compelling justification as to why this Court should depart from that precedent.

---

[8]     As District Judge Francisco Besosa noted in *Montijo-Maysonet*, the First Circuit has previously observed that § 2422(b) "requires that a defendant possess the **specific intent** to persuade, induce, entice, or coerce a **minor** into committing some illegal activity."). 292 F.Supp.3d at 569 (citing *United States v. Dwinells*, 508 F.3d 4, 20 (1st Cir. 2007)) (emphasis added).

The Court finds the Seventh Circuit's reasoning in *Cote* persuasive. According to the Seventh Circuit, "Section 2422(b), read without a scienter requirement for the age of the victim, arguably could chill protected forms of expression." *See Cote*, 504 F.3d at 685. Where an element of a criminal statute may punish otherwise innocent conduct, a presumption of statutory interpretation weighs in favor of interpreting a scienter requirement for that statutory element.[9] *Id*. (citing *Morissette v. United States*, 342 U.S. 246 (1952)); *see also United States v. X–Citement Video*, 513 U.S. 64 (1994). By this logic, the Seventh Circuit held that § 2422(b) "require[s] proof of the defendant's knowledge of the age of the victim." *See Cote*, 504 F.3d at 686. The Court will adopt the same reading of § 2422(b). However, due to the unique circumstances presented by this case, the Court's analysis does not end there.

Count 1 of the Indictment charges Albino with, in violation of 18 U.S.C. § 2422(b), "[using] a cellular phone . . . as well as internet instant messaging services, to knowingly persuade, induce, entice, and coerce an individual *who had not attained the age of sixteen*[.]" (**ECF No. 3 at 1**) (emphasis added). In short, rather than stating that he had "enticed" a person who had "not attained the age of eighteen years", the Government charged Albino in the Indictment with "enticing" a person who had "not attained the age of sixteen years." *Id*.[10]

It is well-established that, under the Sixth Amendment to the United States Constitution, a criminal defendant has "the right . . . to be informed of the nature and cause of the accusation[s]" he faces. U.S. Const. amend. VI. This means that an indictment must contain "a plain, concise, and definite written statement of the essential facts

---

[9]      To be clear, Albino does not raise a constitutional challenge to Count 1.
[10]     By doing so, the government appears to have incorporated into the indictment the age requirement of the predicate offenses, which under state law is 16 years of age.

constituting the offense charged[.]" Fed. R. Crim. P. 7(c). While an indictment "need not

say much to satisfy these requirements[,]" it must, at a minimum, "outline the elements

of the crime and the nature of the charge so that the defendant can prepare a defense[.]"

*United States v. Stepanets*, 879, F.3d 367, 372 (1st Cir. 2018) (citations and quotations

omitted). In this case, the Indictment replaces the "not attained the age of eighteen years"

element with the allegation that the minor victim had "not attained the age of sixteen

years." Accordingly, under these unique circumstances of this case, to obtain a conviction

as to Count 1, the Government must prove beyond a reasonable doubt at trial that Albino

knew D.V.R. had not attained sixteen years of age at the time of the charged conduct.

> ii. **Whether Albino may raise a state-law based "mistake-of-age" defense arising from the element "any sexual activity for which any person can be charged with a criminal offense."**

As explained above, Albino argues that, as to the predicate offenses arising under

Puerto Rico law, the relevant age of consent is 16 years old, and "mistake-of-age" is

available as an affirmative defense under local law. P.R. Laws Ann. § 5191 ("Agresión

sexual"); P.R. Laws Ann. § 5194 ("Actos Lascivos"); P.R. Laws Ann. § 5042 ("Error Acerca

de un Elemento del Delito"). Whether that affirmative defense arising out of local Puerto

Rico law may be raised by a defendant facing a federal enticement charge is also an issue

of first impression in this Circuit. *See United States v. Montijo-Maysonet*, 974 F.3d 34

(1st Cir. 2020).

The Court declines to rule on this issue. Because the Government must, under the

unique facts of this case, prove beyond a reasonable doubt that Albino knew D.V.R. was

Crim. No. 24-0147 (MAJ)                                                                  Page 9

under 16 years of age,[11] it is immaterial whether Albino may raise an affirmative defense as to that same fact.

### b.  Count 2: 18 U.S.C. § 2423(a).

Count 2 charges Albino with violating 18 U.S.C. § 2423(a) ("Transportation of a Minor with Intent to Engage in Criminal Sexual Activity"). (**ECF No. 3 at 2**). To convict a person of violating § 2422(b), the Government must prove, in relevant part, that the person charged: (1) "knowingly transport[ed] an individual who ha[d] not attained the age of 18 years" (2) "with intent that the individual engage in . . . any sexual activity for which any person can be charged with a criminal offense."[12] As with Count 1, because 18 U.S.C. § 2423(a) requires that Government prove that the accused transported the alleged victim with the intent of engaging in "any sexual activity for which any person can be charged with a criminal offense[,]" there are two possible *mens rea* requirements with respect to the victim's age.  *See Montijo-Maysonet*, 974 F.3d 34 (declining to decide whether 18 U.S.C. § 2423(a) provides for a state-law based mistake-of-age defense). First, the Court must determine whether the Government must prove that Albino knew that D.V.R. had "not attained the age of 18 years[.]" 18 U.S.C. § 2423(a). Second, the Court

---

11      *See supra* Section II.a.ii. For the same reasons, the Court need not determine whether, to the extent the relevant predicate offense is receipt or possession of child pornography under 18 U.S.C. § 2252A, Albino may raise any arguments – arising from the essential elements of that offense – regarding his knowledge of the age of the minor.

12      The entirety of § 2423(a) reads as follows:

> A person who knowingly transports an individual who has not attained the age of 18 years in interstate or foreign commerce, or in any commonwealth, territory or possession of the United States, with intent that the individual engage in prostitution, or in any sexual activity for which any person can be charged with a criminal offense, shall be fined under this title and imprisoned not less than 10 years or for life.

18 U.S.C. § 2423(a).

must determine whether Albino may raise any "mistake-of-age" defense arising from any

relevant predicate crime. The Court will address each issue in turn.

### i.   Whether Albino knew that D.V.R. had not attained 18 years of age.

In order to prove beyond a reasonable doubt that a defendant violated 18 U.S.C. §

2423(a), the Government need not prove that Albino knew the minor victim had "not

attained the age of 18 years[.]" *United States v. Tavares*, 705 F.3d 4 (1st Cir. 2013)

(collecting cases from other circuits and concluding that "the context of § 2423(a) compels

a reading of the statute that does not require 'knowingly' to be applied to the victim's

age."). Albino acknowledges that this is an accurate account of black-letter law in this

Circuit and does not contest the fact that the Government need not prove Albino's

knowledge as to the age of D.V.R. (**ECF No. 94 at 5**). Accordingly, Albino may not raise

any argument regarding his knowledge as to the "18 years" element of 18 U.S.C. § 2423(a).

### ii.  Whether, as to the element "sexual activity for which any person can be charged with a criminal offense", Albino may raise a "mistake-of-age" defense arising from any relevant predicate criminal offense.

It is a closer question, however, whether Albino will be permitted to raise a defense

regarding his knowledge of the minor's age arising from the elements of the predicate

"criminal offense." 18 U.S.C. § 2423(a). According to the Government, although the First

Circuit has yet to rule on the specific issue presented by this case, the rule applied by the

First Circuit in *Tavares* should be extended to this case. *See Tavares*, 705 F.3d at 20. In

*Tavares*, the First Circuit was persuaded by the reasoning from other Circuits to not

extend the scienter requirement in § 2423(a) to the under-age status of the victim. The

Government submits that we should not depart from *Tavares* and that Albino should be

precluded from raising any defense regarding his knowledge as to the age of the minor.

As to Count 2 of the Indictment, the Court is not persuaded.

Though *Tavares* and similar cases from other circuits make clear that Congress intended § 2423(a) to be a strict liability offense, those cases are all limited to situations where the underlying predicate offense was prostitution. *Tavares*, 705 F.3d at 20 n.16 (citing *United States v. Daniels*, 653 F.3d 399, 410 (6th Cir. 2011); *United States v. Cox*, 577 F.3d 833, 837–38 (7th Cir. 2009); *United States v. Jones*, 471 F.3d 535, 539 (4th Cir. 2006); *United States v. Griffith*, 284 F.3d 338, 350–51 (2d Cir. 2002); *United States v. Taylor*, 239 F.3d 994, 997 (9th Cir. 2001); *United States v. Hamilton*, 456 F.2d 171, 173 (3d Cir. 1972)).

In finding that Congress intended to make 18 U.S.C. § 2423(a) a strict liability offense with respect to age, these cases explicitly rely on the fact that another federal statute already criminalizes transporting any individual for the purpose of prostitution regardless of age. 18 U.S.C. § 2421(a).[13] In other words, in prostitution cases, "age in §2423(a) [of the victim] is not a factor that distinguishes criminal behavior from innocent conduct, but rather serves to justify a harsher penalty when a victim is underage." *Tavares*, 705 F.3d at 19 (quoting *Daniels*, 653 F.3d at 410). This is in contrast with other statutes, such as the federal child pornography statute, where "the age of [the alleged victim] is the crucial element separating legal innocence from wrongful conduct." *United States v. X-Citement Video*, 513 U.S. 64, 72–73 (2009) (analyzing 18 U.S.C. § 2252); *see also Cox*, 577 F.3d at 837 ("that the illicit conduct in § 2423(a) is already unlawful under § 2421 is what distinguishes the Supreme Court's holding in *United States v. X-Citement Video, Inc.*").

---

[13]    The federal statute criminalizing prostitution, 18 U.S.C. § 2421(a), reads as follows: "Whoever knowingly transports any individual in interstate or foreign commerce, or in any Territory or Possession of the United States, with intent that such individual engage in prostitution, or in any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be fined under this title or imprisoned not more than 10 years, or both."

This leaves open the possibility that the holding in *Tavares* does not apply where a defendant is charged under 18 U.S.C. § 2423(a) where the underlying alleged "conduct for which any person can be charged with a criminal offense" is something *other* than prostitution, particularly where the predicate offense is one in which "the age of [the alleged victim] is the crucial element separating legal innocence from wrongful conduct." *X-Citement Video*, 513 U.S. at 73. The parties have not presented the Court with any caselaw analyzing 18 U.S.C. § 2423(a) outside of the prostitution context, nor has the Court been able to uncover any such cases through its independent review. But the reasoning in *Tavares* leads the court to conclude that if a person is charged under 18 U.S.C. § 2423(a) where the underlying conduct is illegal *only* due to the age of the alleged victim, the accused is entitled to present relevant evidence as to his knowledge of the minor's age. The Court now address each potential predicate offense in turn.

### A. A person accused of violating § 2423(a) may raise "mistake-of-age" as an affirmative defense arising from state law to defeat proof that they engaged in "sexual activity for which any person can be charged with a criminal offense"

The Government alleges that the "sexual activity for which [Albino] could be charged with a criminal offense" may be defined by two possible state-level predicate offenses.[14] First, the Government alleges that Albino "enticed" D.V.R. to "engage in" the "criminal offense" of "sexual assault" under Puerto Rico law. (**ECF No. 93 at 3 n.2**). Second, the Government alleges that Albino "enticed" D.V.R. to "engage in" the "criminal

---

[14]        As to the predicate offenses arising under Federal law, 18 U.S.C. § 2252A(a)(2) and 18 U.S.C. § 2252A(a)(5)(B), the Court will address the relevant scienter requirement with respect to those statutes below in Sections III.b.ii.B and III.d–e.

offense" of "lewd acts" under Puerto Rico law. (**ECF No. 93 at 3 n.3**). Both Puerto Rico

statutes set the relevant age of consent at 16 years old. *See* P.R. Laws Ann. §§ 5191, 5194.[15]

Under Puerto Rico law, Albino may raise a mistake-of-age defense as to these two

state-level offenses.[16] *See* (**ECF No. 94 at 4**) (arguing that Albino may raise the mistake-

of-age defense to the extent the predicate offenses which he is accused of violating arise

under Puerto Rico law). Indeed, the mistake-of-age defense has long been recognized as

a defense to crimes of sexual assault in Puerto Rico. *See Pueblo v. Hernández*, 93 D.P.R.

435, 440 (P.R. 1966) ("There should be no dispute that criminal intent exists when the

---

[15]     The statutes read as follows:

P.R. Laws Ann. § 5191. Sexual Assault.
Any person who purposely, willfully, or recklessly performs, or causes another person to perform an orogenital act or vaginal or anal sexual penetration, be it genital, digital or instrumental, in any of the circumstances detailed below . . .:
(a) If the victim has not reached the age of sixteen (16) at the time of the act, except when the victim is over fourteen (14) years old and the age difference between the victim and the defendant is four (4) years or less.

P.R. Laws Ann. § 5191. Agresión sexual.
". . . toda persona que, a propósito, con conocimiento o temerariamente lleve a cabo, o que provoque que otra persona lleve a cabo, un acto orogenital o una penetración sexual vaginal o anal ya sea ésta genital, digital, o instrumental, en cualquiera de las circunstancias que se exponen a continuación:
(a) Si la víctima al momento del hecho no ha cumplido dieciséis (16) años, salvo cuando la víctima es mayor de catorce (14) años y la diferencia de edad entre la víctima y el acusado es de cuatro (4) años o menos."

P.R. Laws Ann. § 5194. Lewd Acts.
Any person who purposely, willfully, or recklessly, without intending to consummate the offense of sexual assault described in Article 130, submits another person to an act that tends to awaken, excite or satisfy the sexual passion or desire of the accused, under any of the following circumstances . . .[:]
(a)  If the victim has not reached the age of sixteen (16) at the time of the act.

P.R. Laws Ann. § 5194. Actos lascivos.
Toda persona que, a propósito, con conocimiento o temerariamente, sin intentar consumar el delito de agresión sexual descrito en el Artículo 130, someta a otra persona a un acto que tienda a despertar, excitar o satisfacer la pasión o deseos sexuales del imputado, en cualquiera de las circunstancias que se exponen a continuación[:]
(a)  Si la víctima al momento del hecho es menor de dieciséis (16) años de edad.

[16]     The affirmative defense is codified at P.R. Ann. § 5042 ("Error Regarding an Element of the Offense") ("Error Acerca de un Elemento del Delito").

perpetrator proceeds with absolute indifference to, or in the absence of grounds for, a belief that the woman has reached the age of consent. But if he participates in a mutual act of sexual intercourse believing that his partner is over the age of consent, with reasonable grounds for that belief, where is the criminal intent?").[17] The long-standing mistake-of-age defense continues to be applicable under the current penal code, which was promulgated in 2012.[18] *Pueblo v. Alicea Hernández*, No. KLAN201400501, 2014 WL 7500964, at *10 (P.R. Cir. Nov. 17, 2014) ("Likewise, in the modalities included in subsections (a) and (b) of Article 142 of the 2012 Penal Code, the perpetrator of the offense of sexual assault of a victim under 16 years of age may raise this type of error as a defense; that is, that the accused acted under the belief that the victim had the capacity or the age to consent to the sexual relationship.").[19]

---

[17]     The original Spanish quotation reads as follows: "No debe haber disputa en cuanto a que la intención criminal existe cuando el perpetrador procede con absoluta indiferencia de, o en ausencia de fundamentos para, una creencia de que la mujer ha llegado a la edad del consentimiento. Pero si él participa en un acto mutuo de relación sexual creyendo que su compañera está sobre la edad del consentimiento, con motivos razonables para esta creencia, ¿dónde está la intención criminal?" The court went on to explain that, in Puerto Rico, it is an affirmative defense that may be raised by the accused; it is not an element of the offense that must be proven by the Government beyond a reasonable doubt. *Hernández*, 93 D.P.R. at 444 (explaining that, in the analogous context of a sexual assault against a person who lacks capacity, mistake as to the person's legal capacity is an affirmative defense).

[18]     Albino cites to *Pueblo En Interés Del Menor E.C.G.*, No. J-07-667, 2008 WL 2951966, at *3 (P.R. Cir. June 4, 2008); *Pueblo v. Hernández*, 93 D.P.R. 435, 440 (P.R. 1966); and *Pueblo v. Alicea Hernández*, No. KLAN201400501, 2014 WL 7500964, at *10 (P.R. Cir. Nov. 17, 2014).  Each one of these cases was tried under the old penal code of Puerto Rico, which was replaced in 2012. The court notes, moreover, that the "mistake of age" defense was not affirmatively raised in those cases. Nonetheless, as noted above, the defense has been recognized in dicta by the Puerto Rico appeals court under the 2012 code.  *Alicea Hernández*, 2014 WL 7500964, at *10. Defense counsel has not provided any citations more recent than *Alicea Hernández* that clearly hold the mistake-of-age defense is available as to the crimes of "sexual assault" and "lewd acts" under Puerto Rico law. In the discharge of its duties, neither has the Court uncovered any such cases. Nevertheless, the Government does not contest that mistake-of-age is a defense to the relevant predicate crimes in Puerto Rico. *See* (**ECF No. 93 at 3**).

[19]     The original Spanish quotation reads as follows: "De igual forma, en las modalidades comprendidas en el inciso (a) y(b) del artículo 142 del Código Penal de 2012, el autor del delito de agresión sexual a una víctima menor de 16 años puede levantar el error de tipo como defensa; esto es, que el imputado actuó bajo la creencia de que la víctima tenía la capacidad o edad para consentir a la relación sexual."

The Court finds that Albino may raise this defense. As explained above, the holding

in *Tavares* was expressly grounded in the fact that, in prostitution cases, "age in §2423(a)

is not a factor that distinguishes criminal behavior from innocent conduct[.]" *Tavares*,

705 F.3d at 19 (quoting *Daniels*, 653 F.3d at 410). Yet in the case of "sexual assault" under

P.R. Laws Ann. § 5191 and "lewd acts" under P.R. Laws Ann. § 5194, knowledge of the age

of the victim is material to the culpability of the defendant. The holding of *Tavares* is

therefore not applicable to the circumstances of this case. The Court holds that, to the

extent the Government relies on either P.R. Laws Ann. § 5191 or P.R. Laws Ann. § 5194 as

the predicate offense for Count 2, Albino may raise a mistake-of-age defense, that is, that

he did not know that D.V.R. was under the relevant age of sixteen years old.

**B. Where the predicate criminal offense requires the Government prove beyond a reasonable doubt that the person charged knew the age of the victim, the Government must prove knowledge of age in order to obtain a conviction under § 2423(a).**

As noted above, the Government alleges that among the predicate "criminal

offense[s]" for which Albino "could be charged" are the federal crimes of receipt and

possession of child pornography under 18 U.S.C. § 2252A(a)(2) and 18 U.S.C. §

2252A(a)(5)(B).[20] In order to obtain a conviction § 2252A(a)(2) and § 2252A(a)(5)(B), the

Government must prove beyond a reasonable doubt that the person charged knew that

the persons depicted in the pornographic materials were minors. See *United States v.*

---

[20]      "Generally, the 'criminal offense' is defined by state law. The First Circuit has not decided whether it may be defined by federal law." Comment (6) to Instruction 4.18.2422(b), "Pattern Criminal Jury Instructions for the District Courts of the First Circuit", updated February 6, 2024 (citing *Dwinells*, 508 F.3d at 72 & n.6). The Court finds no reason to believe that the statutory term "sexual activity for which any person can be charged with a criminal offense" refers only to state law, and Albino provides none. In fact, 18 U.S.C. § 2427 expressly states that "In this chapter, the term 'sexual activity for which any person can be charged with a criminal offense' does not require interpersonal physical contact, and includes the production of child pornography, as defined in section 2256(8)." 18 U.S.C. § 2427. A plain reading of the statutory scheme therefore dictates the conclusion that "sexual activity for which any person can be charged with a criminal offense" embraces federal law.

*Rogers*, 714 F.3d 82, 86 (1st Cir. 2013). Put another way, knowledge of age is an essential element to charges of possession or receipt of child pornography. The question presented is therefore whether, to the extent the Government relies on § 2252A(a)(2) and § 2252A(a)(5)(B) as the "sexual activity for which [Albino] can be charged with a criminal offense", (**ECF No. 93 at 3**), the Government must prove Albino's knowledge of the minor's age in order to obtain a conviction under Count 2.

As explained above, the holding in *Tavares* was expressly grounded in the fact that, in prostitution cases, "age in §2423(a) is not a factor that distinguishes criminal behavior from innocent conduct[.]" *Tavares*, 705 F.3d at 19 (quoting *Daniels*, 653 F.3d at 410). Yet in the case of receipt and possession of child pornography, once again, "age of [the alleged victim] is the crucial element separating legal innocence from wrongful conduct." *United States v. X-Citement Video*, 513 U.S. 64, 72–73 (2009). The holding of *Tavares* is therefore not applicable to the circumstances of this case. The Court holds that, to the extent the Government relies on either 18 U.S.C. § 2252A(a)(2) or 18 U.S.C. § 2252A(a)(5)(B) as the predicate offense for Count 2, the Government must prove beyond a reasonable doubt that Albino knew that D.V.R. had not attained the age of 18.[21]

### c. Count 3: 18 U.S.C. § 2251(a)

Count 3 charges Albino with violating 18 U.S.C. § 2251(a) ("sexual exploitation of children"), which, in relevant part, punishes any person who "employs, uses, persuades, induces, entices, or coerces any minor to engage in . . . [or] transports any minor with the intent that such minor engage in, any sexually explicit conduct for the purpose of

---

[21]     The Court emphasizes that, in holding the Government must prove Albino's knowledge that D.V.R. had not attained the age of 18 in order to charge Defendant with "transporting" D.V.R. to engage in the reception or possession of child pornography, the Court's holding is not premised on the state-law based affirmative defense of "mistake of age" described above. *See infra* Sections III.d–e.

producing any visual depiction of such conduct[.]" (**ECF No. 3 at 2**). In the First Circuit,

mistake-of-age is no defense to 18 U.S.C. § 2251(a). *United States v. Henry*, 827 F.3d 16,

25 (1st Cir. 2016). The Government need not prove that Albino knew the age of the minor

in order to obtain a conviction under § 2251(a). Albino acknowledges that this is an

accurate statement of the law. (**ECF No. 94 at 5**). Accordingly, Albino may not raise any

mistake-of-age defense as to Count 3.

### d.  Count 4: 18 U.S.C. § 2252A(a)(2)

Count 4 charges Albino with violating 18 U.S.C. § 2252A(a)(2) ("Receipt of Child

Pornography"), which, in relevant part, punishes any person who "knowingly receives . .

. any child pornography . . . or . . . any material that contains child pornography." (**ECF**

**No. 3 at 3**); *see also* 18 U.S.C. § 2256(8) (defining child pornography as, in relevant part,

a "visual depiction . . . of a minor engaging in sexually explicit conduct"). Under relevant

federal law, a "minor" is any person "under the age of eighteen years[.]" 18 U.S.C. §

2256(1). The term "knowingly" "extends both to the sexually explicit nature of the

material and to the age of" the persons depicted. *United States v. X-Citement Video, Inc.*,

513 U.S. 64, 78 (1994) (analyzing 18 U.S.C. § 2252); *United States v. Rogers*, 714 F.3d 82,

86 (1st Cir. 2013) (applying the holding of *X-Citement Video* to 18 U.S.C. § 2252A)

(overturned on other grounds); *see also United States v. Breton,* 740 F.3d 1, 13 (1st Cir.

2014) ("To prove that a defendant knowingly possessed child pornography in violation of

18 U.S.C. § 2252A(a)(5)(B) or knowingly distributed child pornography in violation of 18

U.S.C. § 2252A(a)(2) requires a showing of *scienter*."). The Pattern Jury Instructions for

the District Courts of the First Circuit instruct that the Government must prove beyond a

reasonable doubt that the accused "knew" the materials received "contained an image of

child pornography." Instruction 4.18.2252; *see also* Comment 2 to Instruction 4.18.2252 ("The instruction can easily be modified for a charge of . . . receipt.").

The Government concedes this point, agreeing that it bears the burden to prove beyond a reasonable doubt that "the defendant knew both that the material depicted one or more minors and that the minors were engaged in sexually explicit conduct[.]" (**ECF No. 93 at 9**). Accordingly, the Government must prove that Albino knew D.V.R. to be a minor in order to obtain a conviction to the charge of "receipt of child pornography" under 18 U.S.C. § 2252A(a)(2).[22]

### e.  Count 5: 18 U.S.C. § 2252A(a)(5)(B)

Count 5 charges Albino with violating 18 U.S.C. § 2252A(a)(5)(B) ("Possession of Child Pornography"), which, in relevant part, punishes any person who "knowingly possesses, or knowingly accesses with intent to view" any "material that contains an image of child pornography[.]" (**ECF No. 3 at 3**); *see also* 18 U.S.C. § 2256(8) (defining child pornography as, in relevant part, a "visual depiction . . . of a minor engaging in sexually explicit conduct"). As with Count 4, under Count 5 a "minor" is any person "under the age of eighteen years[.]" 18 U.S.C. § 2256(1). Like charges under 18 U.S.C. § 2252A(a)(2), charges under 18 U.S.C. § 2252A(a)(5)(B) also require a showing that the defendant knew the visual depiction was of a minor. *See Breton,* 740 F.3d at 13; Pattern Jury Instructions for the District Courts of the First Circuit, Instruction 4.18.2252; *see also United States v. Levin*, 13 F.4th 96, 100 (1st Cir. 2021). Again, the Government agrees, noting that it bears the burden to prove beyond a reasonable doubt that "the defendant is aware . . . that the

---

[22]     To be clear, the Court holds that the Government must prove beyond a reasonable doubt that Albino "knew" that D.V.R. was a "minor" as an essential element of the offense. The affirmative defense of "mistake-of-age", a claim arising from state law under Counts 1 and 2, is not relevant to Count 4, an offense that does not involve any predicate state crime.

visual depictions are of minors engaged in sexually explicit conduct[.] (**ECF No. 93 at 9**). Accordingly, in order to obtain a conviction to the charge of "possession of child pornography" under 18 U.S.C. § 2252A(a)(5)(B), the Government must prove beyond a reasonable doubt that Albino knew that D.V.R. was a minor.[23]

### f. Count 6: 18 U.S.C. § 1470

Count 6 charges Albino with violating 18 U.S.C. § 1470 ("Transfer of Obscene Material to a Minor"), which, in relevant part, punishes any person who "knowingly transfers obscene matter to another individual who has not attained the age of 16 years, knowing that such other individual has not attained the age of 16 years." (**ECF No. 3 at 4**). By the plain terms of the statute, the Government must prove beyond a reasonable doubt that, at the time of the charged conduct, Albino knew that D.V.R. had "not attained the age of 16 years." Both the Government and Albino agree that this is an accurate interpretation of the statute. (**ECF No. 93 at 10**); (**ECF No. 94 at 6–7**). Accordingly, the Government must prove Albino's knowledge of D.V.R.'s age as an essential element of Count 6.

### III.  Conclusion

The Government must prove beyond a reasonable doubt Albino's knowledge of D.V.R.'s age as an essential element of the offenses charged under Counts 1, 4, 5, and 6. As to Count 1, because the Government charged Albino in the Indictment with "transporting" a person who had not attained the age of sixteen years to engage in "sexual activity", the Government must prove beyond a reasonable doubt that Albino knew D.V.R

---

[23]    Once again, the Court holds that the Government must prove beyond a reasonable doubt that Albino "knew" that D.V.R. was a "minor" as an essential element of the offense. The affirmative defense of "mistake-of-age", a claim arising from state law under Counts 1 and 2, is not relevant to Count 5, an offense that does not involve any predicate state crime. *See supra* n.22.

had not attained the age of sixteen years. To obtain convictions as to Counts 4 and 5, the Government must prove beyond a reasonable doubt that Albino knew D.V.R. had not attained the age of eighteen years. And to obtain a conviction as to Count 6, the Government must prove beyond a reasonable doubt that Albino knew D.V.R. had not attained the age of sixteen years.

With respect to Count 2, to the extent that the Government attempts to prove that Albino "transported" D.V.R. to engage in "sexual activity" for which he could be charged with "sexual assault" or "lewd acts" under Puerto Rico law, Albino may raise "mistake of age" as an affirmative defense to defeat that charge. And to the extent that the Government attempts to prove that Albino "transported" D.V.R. to engage in "sexual activity" for which he could be federally charged with receipt or possession of child pornography, the Government must prove beyond a reasonable doubt that Albino knew D.V.R. was under eighteen years of age.

Finally, although Albino may legitimately raise a "mistake of age" defense as to Count 2, he must do so in compliance with the Federal Rules of Evidence. The Court will not allow Albino "to elicit from third-party witnesses any self-serving statements he may have made to them regarding his belief as to the age of the victim." *Montijo-Maysonet*, 292 F.Supp.3d at 569 (citing *United States v. Palow*, 777 F.2d 52, 56 (1st Cir. 1985) ("The requirement of Rule 801(d)(2)(A) that an admission be offered against a party is designed to exclude the introduction of self-serving statements by the party making them.")).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 4th day of March, 2025.

**/s/ María Antongiorgi-Jordán**
**MARIA ANTONGIORGI-JORDAN**
**UNITED STATES DISTRICT JUDGE**